**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-130(2) |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| DERRICK BRYANT, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER DENYING SECOND MOTION FOR BOND (Doc. 544)**

---

This case is before the Court on Defendant Derrick Bryant's Second Motion for Bond (Doc. 544). The Government has filed a Response in Opposition (Doc. 582), making this matter ripe for review.

**FACTS**

Mr. Bryant has been identified as a member of what the Government occasionally refers to as the "Derrick Bryant Drug Trafficking Organization" ("DTO"). The DTO allegedly engaged in a large-scale drug trafficking conspiracy that smuggled cocaine, heroin, fentanyl, and methamphetamine into the United States for wide-spread distribution. (Doc. 1 at ¶ 2.) The government alleges that the "overall scope of the conspiracy the defendant is alleged to be involved with involves, among other things, hundreds of kilograms of cocaine and dozens of kilograms of fentanyl being trafficked in the Greater Cincinnati area." (Doc. 429.)

Through the course of the investigation, agents determined that Mr. Bryant was

likely a main source of supply in Cincinnati and was also likely involved in laundering the proceeds of illegal narcotics sales through purchases of high-end vehicles. (Doc. 1.) Mr. Bryant was intercepted over Title III wires discussing shipments of large amounts of quantities of narcotics to and from California, ultimately intended to be delivered into Ohio. (Doc. 429.) Mr. Bryant was also intercepted having a conversation with a Wisconsin source of supply ("SOS") (a fellow co-defendant in this case), wherein the SOS offered Mr. Bryant $1 million to arrange the kidnapping of an unknown male subject in Atlanta who owed him money. This intercepted conversation was "very descriptive in how the coordination would take place." Agents subsequently learned that Mr. Bryant also had at least one alternate source of supply. Moreover, during the investigation, surveillance observed Mr. Bryant conducting large drug transactions (kilogram quantity) with his children present in his vehicle. (*Id.*)

Mr. Bryant was arrested on October 23, 2019 and is charged with Count I – "Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances." (Doc. 483.) Through court-authorized wire intercepts, agents learned that earlier that morning, Mr. Bryant delivered a large amount of money to a female. (Doc. 1 at ¶ 53.) Agents were able to identify the female and recovered "a large amount of U.S. currency as well as two handguns from the female that belonged to Bryant." (*Id.*)

In addition to the present offense, Mr. Bryant has an extensive criminal record. (Doc. 9.) Notably, he served six months in jail for seven counts of "Having Weapons While Under Disability." He has also been convicted of disorderly conduct (multiple times), assault, drug possession and trafficking (multiple times), theft, resisting arrest,

2

failure to comply with a police officer, tampering with evidence (multiple times), four convictions for Driving Under Suspension, and one probation violation. (*Id.*)

On October 29, 2019 Magistrate Judge Karen L. Litkovitz ordered that Mr. Bryant be detained pending trial. (Doc. 11.) Magistrate Judge Litkovitz determined that, pursuant to 18 U.S.C. § 3142(e)(3), there is a "rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community," which Mr. Bryant failed to rebut. Magistrate Judge Litkovitz further held that Mr. Bryant must be detained pending trial because (1) he poses a flight risk and (2) his release would pose a risk of harm to the public.

On January 29, 2020 Mr. Bryant filed a Motion for Bond Review, requesting the Court to reconsider Magistrate Judge Litkovitz's determination. (Doc. 414.) The Government opposed the motion (Doc. 429) and, after conducting an in-person hearing on the motion, the Court denied Mr. Bryant's request. On July 31, 2020, Mr. Bryant filed the presently disputed Second Motion for Bond and requests that the Court reconsider both of its prior bond determinations. (Doc. 544).

## LAW

Under the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, a defendant may be detained pending trial if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" *Id.* § 3142(e). Only clear and convincing evidence can support a finding that the defendant is a danger to another person or the

community. *Id*. § 3142(f). "The default position of the law, therefore, is that a defendant should be released pending trial." *U.S. v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

"That default is modified, however, for certain, particularly dangerous defendants." *Id*. Specifically, when a "judicial officer finds that there is probable cause to believe" that a defendant committed one of the enumerated crimes listed in § 3142(e)(3), there is a rebuttable presumption in favor of detention: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3). And a "grandy jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *Stone*, 608 F.3d at 945. "Thus, when the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention." *Id*. (citations omitted). In order to rebut this presumption, the defendant must "come forward with evidence that he does not pose a danger to the community or a risk of flight." *Id*. (citations omitted).

But regardless of whether the presumption applies, the Government ultimately has the burden to prove that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. In determining whether the Government has met that burden of persuasion, the Court must consider the factors set forth in 18 U.S.C. 3142(g):

(1)  The nature and circumstances of the offense charged;

(2)  The weight of the evidence against the defendant;

(3)  The history and characteristics of the person:

    (a)  Character – the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (b)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)  The nature and seriousness of the danger to any person or the community.

Moreover, when a district court reviews a magistrate judge's detention order—as we do here—the standard of review is *de novo*. *See United States v. Yamini*, 91 F.Supp.2d 1125, 1130 (S.D.OH.2000) ("meaningful de novo review means that the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge.").

## ANALYSIS

In his Second Motion for Bond, Mr. Bryant argues that he should be released pending trial because "there is no basis for detention under 18 U.S.C. § 3142(f)."  (Doc. 414.)  But Mr. Bryant's argument is flawed.

As a preliminary matter, Mr. Bryant's repeated assertion that he "bears no burden of proof" is false.  He has been indicted by grand jury with an enumerated offense under § 3142(e)(3).  There is thus a rebuttable presumption in favor of detention, which Mr. Bryant must rebut by coming forward with evidence that he does not pose a danger to the community or a risk of flight.

Mr. Bryant has failed to do so.  On numerous occasions.  The only "new"

5

evidence that Mr. Bryant brings forward now is the statement that "it is clear from his history, his characteristics and his Pretrial Service Report that he does not pose a serious risk of flight. Mr. Bryant is a lifelong resident of his community. Further, Mr. Bryant has hired private counsel and shows no history of failure to appear."  (Doc. 414.)   First of all, Mr. Bryant does have a history of failure to appear which is why his Pretrial Service Report indicates that he does pose a risk of flight, not vice versa as he claims.  And his history and characteristics, as discussed above, clearly demonstrate that he poses *both* a risk of flight *and* a substantial danger to the community.  *See United States v. Ford*, No. 2:20-CR-51, 2020 WL 1921209, at *3 (S.D. Ohio Apr. 21, 2020) ("Pretrial detention can be ordered based on a judicial finding of *either* substantial danger to the community or risk of flight; only one is required.") (emphasis added).  This is why the Court has twice previously determined that Mr. Bryant has failed to rebut his presumption of detention. The fact that Mr. Bryant now states that he is a lifelong resident of his community and has hired counsel is insufficient to alter the Court's judgment on its now third review.

Here, even if Mr. Bryant could sufficiently rebut his presumption of detention—the Court, again, finds that he cannot—the Government has satisfied its burden of proving that no condition or combination of conditions will reasonably assure either: (1) the appearance of Mr. Bryant as required, nor (2) the safety of any other person and the community.  *See* 18 U.S.C. § 3142(e).  Mr. Bryant is alleged to be the leader of a massive criminal enterprise that trafficked hundreds of kilograms of cocaine and dozens of kilograms of fentanyl into Cincinnati.  Federal law enforcement observed him conducting large drug deals while his children were still in the car and caught him on

6

tape discussing a potential kidnapping. Mr. Bryant clearly poses a substantial risk of harm to the community. Moreover, Mr. Bryant is a career criminal who has multiple prior failures to appear. On the day that he was arrested, he attempted to give large sums of cash and two handguns to a female associate. He thus also poses a serious risk of flight.

In sum, there is a rebuttable presumption of detention which Mr. Bryant has failed to rebut. And even if he could, the Government has carried its burden of demonstrating that he poses both flight risk and a risk of harm to the community.

## CONCLUSION

Accordingly, upon due consideration of the Motion, the Government's Response in Opposition, and the factors enumerated in 18 U.S.C. § 3142(g), Mr. Bryant's Second Motion for Bond (Doc. 544) is hereby **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

7